■ In the Matter of JOHN T. VASSALLO et al., Petitioners, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR, to review and to annul a determination of the respondent State Liquor Authority, made March 4, 1964 after a hearing, which, on the basis of three stated charges: (a) revoked petitioner Vassallo's restaurant liquor license for the year 1963–1964, effective February 29, 1964; (b) ordered disapproval of his application for a 1964–1965 restaurant liquor license; and (c) in view of the action taken with respect to Vassallo, refused to take action upon the application of petitioner Micalizzi for approval of his employment by Vassallo as a licensee under the statute (Alcoholic Beverage Control Law, § 102, subd. 2). By order of the Supreme Court, Nassau County, made May 12, 1964, pursuant to CPLR 7804, the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. Petitioner Vassallo's 1963–1964 restaurant liquor license was revoked, effective February 29, 1964: (a) because he employed petitioner Micalizzi without permission of the Authority, despite Vassallo's knowledge that in 1927 Micalizzi had been convicted of illegal possession of a pistol (Alcoholic Beverage Control Law, § 102, subd. 2); and (b) because Vassallo had failed to comply with two representations, made by him in December, 1961 in connection with the issuance of a license on January 4, 1962, namely: that he would not employ Micalizzi; and that he (Vassallo) would resign his other employment and devote his full time to the operation of the licensed business. If it be assumed that for purposes of the revocation proceeding the latter representation was barred by the Statute of Limitations (Alcoholic

Beverage Control Law, § 118; *Matter of Hacker* v. *State Liq. Auth.*, 21 A D 2d 755), nevertheless, all of such grounds could properly be taken into consideration in the nonrenewal proceeding, as to which there is no applicable Statute of Limitations. Since the 1963–1964 license period has expired and a reasonable basis for the denial of the renewal of petitioner Vassallo's license existed, the determination of the Authority must be confirmed. No right to judicial review of Micalizzi's employment application under subdivision 2 of section 102 of the Alcoholic Beverage Control Law is available under section 121 of that statute. In any event, by reason of the failure to renew Vassallo's restaurant liquor license, Micalizzi's application has become academic. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.